Filed 2/6/15  P. v. Graves CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C073359 |
| v. | (Super. Ct. No. 06F07694) |
| CHARLES GRAVES, | |
| Defendant and Appellant. | |

A jury convicted defendant of possession of a firearm by a convicted felon. (Pen. Code, former § 12021, subd. (a)(1) [now § 29800, subd. (a)(1)].)[1]  The trial court sentenced defendant to an indeterminate term of 25 years to life in prison based on his prior strike convictions.

Defendant subsequently filed a petition for recall and resentencing pursuant to section 1170.126.  The trial court denied the petition, ruling that defendant is ineligible

---

[1]  Undesignated statutory references are to the Penal Code.

1

for resentencing because he was armed with a firearm during his most recent offense. The trial court denied defendant's motion for reconsideration.

Defendant now contends (1) the trial court erred in finding him ineligible for resentencing based on facts outside the record of conviction, and (2) he is entitled to a jury trial on whether he was armed with a firearm during the commission of the most recent offense.

Finding no merit in defendant's contentions, we will affirm the order denying the petition for recall and resentencing.

## BACKGROUND

According to the facts referenced by the trial court in its order denying the petition for recall and resentencing, at about 2:00 a.m. one morning, defendant either took a gun to a friend's house and pointed it at a woman he believed cheated him in a drug transaction, or he confronted the woman unarmed, but then, during a scuffle with an armed man who responded to her screaming, took the man's gun and carried it outside where the gun went off during a confrontation with his friend. The trial court determined that defendant was ineligible for resentencing because he admitted possessing the gun that morning and the jury rejected his defense that the possession was transitory. In response to a petition for reconsideration, the trial court made a correction to its initial ruling and explained why there was no right to a new jury trial to determine whether defendant was armed.

## DISCUSSION

### I

Defendant contends the trial court erred in finding him ineligible for resentencing based on facts outside the record of conviction.

The Three Strikes Reform Act (the Act) was approved by the voters as Proposition 36 in November 2012; it amended Penal Code sections 667 and 1170.12 and added section 1170.126, changing the requirements for sentencing a third strike offender.

2

(*People v. Hicks* (2014) 231 Cal.App.4th 275 (*Hicks*).) It essentially "diluted the three strikes law by reserving the life sentence for cases where the current crime is a serious or violent felony or the prosecution has pled and proved an enumerated disqualifying factor." (*Id.* at p. 281, quoting *People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.) It also created a postconviction procedure to allow discretionary resentencing for persons who have been convicted of crimes that were not serious or violent and who are not "otherwise disqualified." (*Hicks, supra,* 231 Cal.App.4th at pp. 281-282.) Among other things, a defendant is not eligible for resentencing if, during the commission of the most recent offense, the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person. (§§ 1170.126, subd. (e)(2), 1170.12, subd. (c)(2)(C)(iii).)

Defendant argues the trial court should not have relied on the statement of facts in this court's appellate opinion to determine whether defendant was armed. We disagree. In order to determine whether a defendant is ineligible for resentencing, a trial court examines the "conduct that occurs during the commission of an offense." (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1333.) The trial court must therefore "consider the nature of a petitioner's prior conviction. Specifically, the court must consider whether, during the commission of an offense that has been previously adjudicated at the time of the resentencing proceedings, 'the defendant used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury to another person.' [Citations.]" (*Id.* at pp. 1338-1339.) The trial court may look at "the record of conviction" as that phrase is defined in the cases addressing whether a prior conviction is a serious felony. (*Id.* at p. 1338; see *People v. Woodell* (1998) 17 Cal.4th 448 (*Woodell*); *People v. Guerrero* (1988) 44 Cal.3d 343.) That includes the trial and appellate record of the conviction and any appellate opinion in the case. (*Woodell, supra*, 17 Cal.4th at p. 456; *Hicks, supra,* 231 Cal.App.4th at p. 286.)

3

Defendant points out that in *Woodell* the California Supreme Court explained that whether an appellate court opinion is probative must be decided on the facts of the case. But the Supreme Court was acknowledging that an appellate opinion may not address facts pertinent to postconviction proceedings, adding that "[i]f the appellate court did state the pertinent facts, a trier of fact is entitled to find that those statements accurately reflect the trial record." (*Woodell, supra*, 17 Cal.4th at p. 457.) Here, the appellate opinion included the pertinent facts.

Defendant also asserts another argument, but he did not reference the argument in a heading of his appellant's opening brief. He argues that a person cannot be armed with a firearm during the commission of the crime of possession of a firearm by a convicted felon. He claims there must be a "tethering" or "anchoring" offense to trigger the arming disqualification. This court recently rejected such an argument in *Hicks, supra,* 231 Cal.App.4th at pp. 283-284.

Defendant argues the language in the Act mirrors the language in section 12022. But the language is actually different. Section 12022 authorizes a sentencing enhancement when a defendant is armed with a firearm "*in* the commission or attempted commission of the underlying felony." (§ 12022, subd. (a)(1), emphasis added.) Whereas section 1170.126, subdivision (e)(2) renders defendant ineligible for resentencing if "*[d]uring* the commission of the current offense, the defendant . . . was armed with a firearm . . . ." (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)

Defendant's argument has been expressly rejected based on these differences in language and purpose. (*People v. Elder* (2014) 227 Cal.App.4th 1308, 1312-1314; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1032.) As the court explained in *Osuna*, the defendant in that case was armed with a firearm "during" the commission of his possession offense, not "in" the commission of his possession offense. (*Osuna, supra*, 225 Cal.App.4th at p. 1032.) "There was no facilitative nexus; his having the firearm available for use did not further his illegal possession of it. There was, however, a

4

temporal nexus." (*Ibid*.) Because the Act uses the phrase "[d]uring the commission" and not "in the commission," and because the Act does not impose additional punishment but rather the opportunity for reduced punishment, the court in *Osuna* concluded "the literal language of the Act disqualifies an inmate from resentencing if he or she was armed with a firearm during the unlawful possession of that firearm." (*Osuna*, *supra*, 225 Cal.App.4th at p. 1032.) Other courts have held that when a defendant is armed with a firearm during the commission of the offense of possession of a firearm by a convicted felon, the defendant is ineligible for resentencing under section 1170.126. (*People v. Blakely* (2014) 225 Cal.App.4th 1042, 1054; *People v. White* (2014) 223 Cal.App.4th 512, 524.)

Here, because the record indicates defendant held a firearm, the trial court did not err in finding that he was ineligible for section 1170.126 resentencing.

## II

Defendant next claims he is entitled to a jury trial on whether he was armed with a firearm during the commission of the most recent offense.

Specifically, defendant claims the jury did not explicitly find he was armed with a firearm, so he had a right to a jury trial on that question under *Apprendi v. New Jersey* (2000) 530 U.S. 466 [147 L.Ed.2d 435] and *Alleyne v. United States* (2013) ___ U.S. ___ [186 L.Ed.2d 314]. Applying the principles set forth in *Apprendi,* the United States Supreme Court held in *Alleyne* that a sentence enhancement could not be imposed when the facts supporting that enhancement were determined by a judge rather than a jury. (*Alleyne, supra,* ___ U.S. at p. ___ [186 L.Ed.2d at p. 329].) Here, however, the trial court determined that those cases are inapposite because the resentencing law does not operate to enhance criminal penalties; rather, it provides an opportunity to reduce already imposed sentences for certain qualifying inmates. We agree with the trial court that defendant does not have a right to a new jury trial. (See *Dillon v. United States* (2010) 560 U.S. 816, 828-829 [177 L.Ed.2d 271, 285] [assessing eligibility for downward

adjustments to otherwise final sentences based on intervening law is not an encroachment on facts historically found by jury] and *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1304 [discussing *Dillon* and concluding jury trial rights are not at issue in resentencing determination under the Act].)

DISPOSITION

     The order denying the petition for recall and resentencing is affirmed.


                                                                                                                    _____MAURO_____, J.


We concur:


_____RAYE_____, P. J.


_____MURRAY_____, J.